By the Court.—Sedgwick, Ch. J.
Practically, the parties by contract have made the rents and profits of the kind referred to in the order appointing a receiver, a part of the security for the payment of the amount of the bond and its interest. Unless the receiver asked for *362 should be appointed, the mortgagee would not get the lien upon the rents that the contract intends he should.
Possibly an answer supported by affidavits, that the mortgage itself and the covenant referred to, had never been made, and were, if made, void or invalid for a sufficient reason, might justify the denial of such a motion. In this case, however, the objection to the motion is, “that the mortgage was one given for a builder’s loan ; that the mortgagee omitted and failed to advance the moneys represented by the mortgage ; and that, in consequence of that default of the mortgagee, the mortgagor had been compelled to personally advance $30,000 to com-' píete the work, and then, to save his credit, to sell at a large reduction from their actual value the houses so erected.” The affidavits to support this objection are vague, and it is impossible to extract from their general statements enough of particular fact to enable a court to say that the defense is valid, and will probably succeed. If the court should hold that the mere possibility of success is .reason for denying the motion, the plaintiff might be deprived of all benefit of the covenant.
My opinion, however, is that such a defense is not in its nature a good objection to the appointment of a receiver. The covenant means that the mortgagee shall have the benefit while the litigation is pending, down to the only sufficient and competent mode of deciding the issues of an action.
The order should be affirmed, with $10 costs.
Van Vorst and Freedman, JJ., concurred.